**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN COOMBS, | **COMPLAINT** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| -against- | Index No. |
| THE CITY OF NEW YORK, PAMELA LASSITER, Defendants. | |

## COMPLAINT

Plaintiff by his attorney Gregory G. Smith submits this Complaint to remedy allegations of First Amendment retaliation and discrimination based on race as will be more fully described below.  Now therefore, Plaintiff complaining of Defendants alleges:

## PRELIMINARY STATEMENT

1.      This action is brought to remedy violations of Plaintiff's First Amendment Right to the United States Constitution to Free Speech and Petition without retaliation and to receive the Equal Protection of the Laws pursuant to the First Amendment to the United States Constitution, the Fourteenth Amendment to the United States Constitution and 42 U.S.C. Sections 1981 and 1983 et seq.

## JURISDICTION

2.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. Section 1331; 28 U.S.C. Section 1343; 42 U.S.C. Section 1983, and 42 U.S.C. Section 1981. The amount in controversy exceeds $10,000.

## VENUE

3.      Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391 et seq., because the Defendant does business and its headquarters is located within the Eastern District of New York and because all or a substantial part of the acts or

omissions giving rise to Plaintiffs' claims occurred within the Eastern District of New York.

## PARTIES

4.      Plaintiff, JOHN COOMBS, hereinafter ("Plaintiff") male black African American descent resides in Brooklyn, New York and is a citizen of the United States. At all relevant times he was employed by the City of New York through the New York City Fire Department as a Firefighter.

5.      Plaintiff began his employment with the New York City Fire Department on February 16, 1999 and he remains employed by the FDNY as a Firefighter.

6.      At all times relevant hereto Plaintiff was speaking out as the former president of the Vulcan Society which is a fraternal order of black Firefighters.

7.      At all times hereinafter mentioned, Defendant CITY OF NEW YORK was a municipal corporation organized and existing under and by virtue of the laws of the State of New York. Under the Charter of the City of New York, the City is responsible for the conduct of municipal agencies such as the Fire Department hereinafter ("FDNY") or the ("Fire Department") or the ("Department").

8.      At all times hereinafter mentioned, FDNY was and is a Department of the City of New York established by the New York City Charter.  FDNY headquarters is located at 9 Metro Tech Center, Brooklyn, New York 11201.

9.      Defendant Pamela Lassiter, hereinafter "Defendant Lassiter" or "Lassiter " or "Chief Lassiter"  female black former Chief Diversity and Inclusion Officer of the FDNY and at all relevant times was employed by the City of New York through the FDNY. Chief Lassiter is sued here in both her individual and official capacity.

10.     At all times relevant hereto, defendant City of New York, FDNY and

Chief Pamela Lassiter acted under color of law, statute, custom or usage of the State of

New York.

### STATEMENT OF CLAIM

11.     Plaintiff began employment with the City of New York on February 16,

1999 as a Firefighter for the FDNY.  Plaintiff is still actively employed as a Firefighter.

12.     Among other duties, and during his seventeen (17) years of employment

with the Fire Department, Plaintiff was president of the fraternal order of Black

Firefighters also known as the Vulcan Society from January 2007 to December 2014. In

the capacity of past president and current member of the Executive Board of the Vulcans

Society, Plaintiff often spoke out at Fire Department meetings with executives and other

staff members of the FDNY about racism and disparate treatment that was plaguing non-

white firefighters.

13.     On or about April 15, 2015 Plaintiff attended a meeting held at FDNY

headquarters. While there Plaintiff and other Vulcan Society officials met with

Commissioner Nigro, his counsel Jose Maldonado, First Deputy Commissioner Turner

and other high ranking FDNY officers to discuss and update Commissioner Nigro on

events that should take place with regard to the court's settlement decree in United States

of America and Vulcan Society against The City of New York, Defendant. Docket No.

07-CV-2067 (NG) and the Fire Departments role and actions that needed to be taken.

14.     While at the meeting, Plaintiff spoke to Commissioner Nigro and ask him

whether he was aware of the duties and responsibilities of the Chief Diversity and

Inclusion Officer and her role.

15. Plaintiff raised the point at the meeting that defendant Pamela Lassiter had much work to do in her role as Chief Diversity and Inclusion Officer at the Fire Department. Implicating the idea that she had not made much progress since taking the position.

16. Plaintiff questioned Commissioner Nigro as to what defendant Lassiter was doing with her time because in Plaintiff's opinion she was not doing what she was supposed to do according to certain portions of the court's findings of fact dated September 30, 2011and attached hereto as Exhibit A

17. At the meeting Plaintiff stated that as he understood the court's order the FDNY Chief Diversity and Inclusion Officer should develop a plan of action that would insure diversity and inclusion in the hiring practices of the FDNY going forward as well as retention of diverse FDNY employees. The other role the Chief Diversity and Inclusion Officer had was to oversee the Equal Employment Opportunity ("EEO") office. Plaintiff stated that we referring to (Vulcan Society members) were not satisfied with her job performance so far, because after six months on the job she had no action plan for inclusion and diversity, or equal employment opportunity.

18. A few days later on April 22, 2015 defendant CDIO Pamela Lassiter accused Plaintiff of choking her by placing his hands around her neck and squeezing.

19. On April 22, 2015 Plaintiff was informed of defendant Lassiter's slanderous statement by his fellow firefighters and Vulcan associates Regina Wilson, and Kaleed Baylor that defendant Pamela Lassiter, the Chief Diversity and Inclusion Officer for the FDNY had falsely accused Plaintiff of an assault and battery by stating that Plaintiff made it "difficult for me (Lassiter) to do work because Firefighter Coombs tried to threaten me; he put his hands around my neck."

-4-

20.     Also present at the meeting on April 22, 2016 when defendant Lassiter made the false statement were lawyers for the City of New York, Vulcan Society members, Vulcan Society lawyers and the FDNY Monitor. The meeting was held at the Law Offices of Cohen & Gresser LLP.

51.     Indeed, Judge Garaufis wrote on page 19 of his October 5, 2011 Memorandum and Order (not attached hereto) that: "[n]ot even the threat of court action has been enough to cause the City to reevaluate how it fulfills the mandates of the equal employment opportunity laws…the court examined the FDNY's EEO office–the office responsible under the City's own EEO Policy for ensuring the FDNY's compliance with applicable equal employment opportunity laws. The Court found that even after the courts finding of disparate impact and disparate treatment discrimination, the City allowed a hiring freeze to hollow out the FDNY's EEO Office, depriving it of the resources to conduct all but the most perfunctory of investigations and limiting its role to little more than customer service for dissatisfied employees…"

54.     Accordingly, within one week of Plaintiff's meeting with FDNY officers and officials Plaintiff was informed that defendant Lassiter had falsely accused him of choking her.

55.     The reasonable inference to be made by defendant Lassiter's false and malicious accusation is that she attempted to chill Plaintiff's First Amendment Right to the United States Constitution to Free Speech and Petition.

56.     At the time of the occurrence Plaintiff was acting as a spokesman on behalf of all black and Latino Firefighters in the Fire Department who complain about disparate treatment based on race and the need for Judge Garufus' order to be enforced.

57.     Following the Lassiter allegation Plaintiff's reputation was lowered in the community in which he serves making it necessary for Plaintiff to clear his name through an investigation conducted by the Fire Department.

58.     Fire Department officials investigated the accusation and did not substantiate Lassiter's false statement.

59.     All of the foregoing acts and omissions were unlawful and unreasonable and contrary to law resulting in harm to Plaintiff.

60.     Several months after her false statement was made, defendant Lassiter was removed from her position as Chief Inclusion and Diversity Officer and has since left employment with the Fire Department.

61.     Plaintiff seeks punitive damages from defendant Lassiter for her false and malicious statement and conduct and to deter her and others from making such false accusations in the future.

**FOR A FIRST CAUSE OF ACTION**
(42 U.S.C. Section 1983 RETALIATION FIRST AMENDMENT)

62.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

63.     The actions/omissions by Defendants acting under color of state law constituted a deprivation of Plaintiff's right to Free Speech and Petition as guaranteed by the First Amendment to the United States Constitution resulting in harm to the Plaintiff.

**FOR A SECOND CAUSE OF ACTION**
(42 U.S.C. Section 1983 VIOLATION OF FOURTEENTH AMENDMENT RIGHTS)

64.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

65.     The actions/omissions of Defendants acting under color of state law constituted a deprivation of Plaintiff's right based on race to be treated equally as guaranteed through the Fourteenth Amendment Equal Protection Clause to the United States Constitution. Plaintiff's protected status as a black/African American was a motivating factor in defendant Lassiter's decision to slander Plaintiff.

## FOR A THIRD CAUSE OF ACTION
### (Individual Defendant)

(42 U.S.C. SECTION 1981 INTERFERENCE WITH PLAINTIFF'S RIGHT TO CONTRACT BASED ON RACE)

66.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

67.     The actions/omissions of Defendants acting under color of state law constituted a deprivation of Plaintiff's right to contract based on race to be treated equally as guaranteed through the Fourteenth Amendment to the United States Constitution. Accordingly, defendant Lassiter attempted to unlawfully interfere with Plaintiff's right to contract for employment.

68.     Plaintiff requests punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff request this Court:

1.      On Counts One through Three: to assess compensatory damages against Defendants jointly and severally in the amount of two million ($2,000.000.00) dollars plus costs and attorney's fees pursuant to 42 U.S.C. Section 1988, and to grant Plaintiff a trial by jury of all issues so triable in these Causes of Action;

2.      On Counts One through Three to grant Plaintiff punitive damages for Defendant Lassiter's willful conduct toward him.

4.    To grant Plaintiff such other, further, and different relief as may be just.

New York, New York
December 12, 2016                                              *\s\ Gregory Smith*

                                                  _____

Gregory G. Smith (GS-9900)
Attorney for Plaintiff
225 Broadway, Suite 3601
New York, New York 10007
*Counsel for the Plaintiff*